27 F.3d 568
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Courage IDEHEN, Defendant-Appellant.
 No. 93-6015.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges; and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 Courage Idehen appeals the district court's judgment sentencing him to imprisonment for 21 months after a jury found him guilty of passport fraud, falsely claiming to be a citizen of the United States, and possession of fraudulent identification. On appeal, Idehen argues that the district court erred in refusing to suppress evidence from a search of his apartment, in permitting his wife to testify against him at trial, and in computing his sentence. We affirm.
 
 
 2
 On April 13, 1992, a postal employee in Nashville, Tennessee processed a passport application from a person claiming to be John Wesley Crite, a citizen of the United States. The applicant presented a birth certificate, a social security number, and a photograph as proof of identity. Upon further processing of the application in New Orleans, a passport agency employee became suspicious of the application because the person in the photograph appeared to be Nigerian due to tribal facial scars. A subsequent investigation revealed that the mailing address on the application was Idehen's residence, that the photograph was of Idehen, and that his handwriting was on the application.
 
 
 3
 A grand jury returned an indictment against Idehen on February 24, 1993. The next day, February 25, federal agents arrested him and, later that day, obtained a warrant to search his residence and car. Idehen's argument that the district court should have suppressed the fruits of the search is without merit. Ample probable cause supported the issuance of the warrant: upon Idehen's arrest, agents observed a sophisticated photocopier in Idehen's apartment and a bank draft in the name of an alias. Moreover, a grand jury had already indicted Idehen for passport fraud the day before the search.
 
 
 4
 Idehen's argument that the district court erred in permitting his wife to testify at trial is also without merit because only the testifying spouse may invoke the privilege. See Trammel v. United States, 445 U.S. 40 (1980). Although Idehen's wife appeared pursuant to a subpoena, she never invoked the privilege.
 
 
 5
 In sentencing Idehen, the district court applied a four-level enhancement pursuant to Guidelines section 3B1.1(a) for his role as a "leader of criminal activity that involved five or more participants." Application note 1 to that section provides that a "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." Idehen argues that this increase for an aggravating role should not apply. "We may not disturb the factual findings that underlie the district court's sentencing decisions unless such findings are clearly erroneous." United States v. Moreno, 899 F.2d 465, 470 (6th Cir.1990). During the sentencing hearing, an agent testified that Idehen was involved in obtaining passports for his wife and her two sisters. These women told the agent that they applied for passports at Idehen's direction. The applications contained Idehen's addresses, even though the women did not reside with Idehen. The sisters testified at trial that they applied for passports because they were planning a trip to Canada, but the district court found that "they lied like dogs." One of these passports was eventually recovered in Switzerland from a Nigerian woman. During the search of Idehen's apartment, agents found two other passports in the names of two men who later admitted to an agent that they also applied for passports at Idehen's direction.
 
 
 6
 We cannot conclude that the district court's finding that Idehen was a leader of five or more participants is clearly erroneous. The fact that the three sisters and the two men applied for passports using Idehen's address is a sufficient basis to make a preponderance of the evidence finding that these individuals were culpable participants in Idehen's criminal activity. Cf. United States v. Carroll, 893 F.2d 1502, 1509 (6th Cir.1990) (involvement of the services of innocent persons cannot justify an enhancement). A review of the record and the district court's comments indicate that the court, after assessing the credibility of the witnesses at trial, believed that the sisters were involved in the passport fraud. Idehen's actions in directing these persons certainly qualify him as a leader of the criminal activity. Moreover, the government pointed out in its brief, without disagreement by Idehen's counsel, that the three sisters and the two men who applied for passports using Idehen's address subsequently either entered guilty pleas to aiding and abetting Idehen in obtaining passports or made admissions to federal agents.
 
 
 7
 Idehen also argues that the district court erred in applying a four-level upward departure for aggravating circumstances. The court explained during the sentencing hearing that such circumstances existed in this case that the Sentencing Commission did not take into consideration in formulating the fraud guideline, which contains increased enhancements based on the dollar amount of the fraud. The court stated that, although the government presented no proof of any monetary fraud, the passport fraud substantially undermines the immigration laws of this country. We have indicated our approval for a departure when the amount of the loss did not reflect the seriousness of the harm. See United States v. Khan, 969 F.2d 218, 222 (6th Cir.1992). The district court also found that Idehen suborned the perjury of the three sisters at trial and that he abused his status as an immigrant by lying to obtain student loans and government housing. Therefore, the court found that the applicable offense level did not adequately represent the seriousness of the crime. We agree with the district court that the circumstances in this case were sufficiently unusual to warrant a departure and that the increase was reasonable. See United States v. Robison, 904 F.2d 365, 370 (6th Cir.), cert. denied, 498 U.S. 946 (1990).
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation